IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEAF FUNDING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:07CV134 |
| v. ) | |
| ) | |
| SBS AUTO GROUP, LLC, ) | ORDER |
| SHERIDAN AUTO GROUP, LLC, ) | |
| SBS LAND DEVELOPMENT LLC and ) | |
| LAWRENCE FELDHACKER, ) | |
| ) | |
| Defendants. ) | |

      This matter is before the court on the plaintiff's response (Filing No. 22) to the court's July 12, 2007 Show Cause Order (Filing No. 13). On July 12, 2007, the court entered an order pursuant to NECivR 41.1 requiring the plaintiff to show cause why the case should not be dismissed as against two defendants for lack of prosecution. The complaint was filed on April 9, 2007, and service of the summons was executed on Lawrence Feldhacker on April 13, 2007. **See** Filing No. 4. Mr. Feldhacker and SBS Land Development LLC filed their joint answer on June 4, 2007. **See** Filing No. 7. The plaintiff also filed notice of summonses returned executed for Sheridan Auto Group, LLC, service on April 18, 2007, and SBS Auto Group, LLC, service on June 11, 2007. **See** Filing Nos. 8 and 12.

      On July 24, 2007, the plaintiff filed a motion for default judgment, pursuant to Fed. R. Civ. P. 55(b), as against both Sheridan Auto Group, LLC and SBS Auto Group, LLC. **See** Filing No. 15. On July 26, 2007, the Clerk of Court entered "Clerk's Entry of Default Judgment Against Defendants SBS Auto Group, LLC and Sheridan Auto Group, LLC." **See** Filing No. 21. However, at no time previous to entry of such judgment did the plaintiff move for, nor was there made, a Clerk's Entry of Default pursuant to Fed. R. Civ. P. 55(a) and NECivR 55.1(a) against these defendants. Under the rules, "when a party has failed to plead or otherwise defend against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." ***Johnson v. Dayton Elec. Mfg. Co.***, 140 F.3d 781, 783 (8th Cir. 1998) (citation and internal quotations omitted).

Accordingly, the court will construe the plaintiff's motion and the clerk's entry as those for entry of default, rather than default judgment. The plaintiff may now seek judgment pursuant to Fed. R. Civ. P. 55(b) and NECivR 55.1(b) against the relevant defendants.

Additionally, the plaintiff has moved for summary judgment against the remaining defendants pursuant to Fed. R. Civ. P. 56. **See** Filing No. 23. Under these circumstances, the court will not require the parties to report to the court pursuant to Fed. R. Civ. P. 26(f), until the court resolves the motion for summary judgment. However, if any party wishes to proceed with discovery, other than described below, the parties shall immediately file their planning conference report with the court. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's motion for default judgment (Filing No. 15) is hereby deemed a motion for entry of default, pursuant to Fed. R. Civ. P. 55(a).

2. The clerk's entry of default judgment (Filing No. 21) is hereby deemed a Clerk's Entry of Default, pursuant to Fed. R. Civ. P. 55(a).

3. The parties shall have ten (10) business days from the date an order is filed on the currently pending motion for summary judgment (Filing No. 23), in which to file a planning report with the court pursuant to Federal Rule of Civil Procedure 26(f).

4. Mandatory Disclosures described in Fed. R. Civ. P. 26(a)(1) shall be served by August 16, 2007.

DATED this 31st day of July, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge