IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEAF FUNDING, INC., | ) |
| Plaintiff, | ) 8:07CV134 |
| v. | ) |
| SBS AUTO GROUP, LLC, SHERIDAN AUTO GROUP, LLC, SBS LAND DEVELOPMENT, LLC, and LAWRENCE FELDHACKER, | ) MEMORANDUM AND ORDER |
| Defendants. | ) |

This matter is before the court on plaintiff's motion for summary judgment against SBS Land Development, LLC and Lawrence Feldhacker. Filing No. 23, Motion for Summary Judgment against SBS Land Development, LLC and Lawrence Feldhacker. On April 9, 2007, the plaintiff, Leaf Funding, Inc., filed a complaint against SBS Auto Group ("SBS Auto"), Sheridan Auto Group ("Sheridan"), SBS Land Development ("SBS Land"), and Lawrence Feldhacker ("Feldhacker"). Filing No. 1, Complaint. On June 2, 2007, a timely answer was filed on behalf of the two defendants, SBS Land and Feldhacker. Filing No. 7, Answer to Complaint by Defendants SBS Land Development and Lawrence Feldhacker. On August 21, 2007, default judgment was entered against defendants SBS Auto and Sheridan. Filing No. 33, Default Judgment.

On July 27, 2007, Leaf Funding filed a motion for summary judgment as to defendants SBS Land and Feldhacker. Filing No. 23. Subsequently, the court issued an order extending the time for the SBS Land and Feldhacker to file a response to the motion

for summary judgment until September 20, 2007.  Filing No. 28.  However, no response to the motion for summary judgment has been received by this court.

In support of its motion for summary judgment, Leaf Funding has shown that on or about January 24, 2006, it entered into a Master Lease Agreement (the "Lease") with Sheridan and SBS Auto (collectively, the "Lessees") in connection with certain equipment. *See*, Filing No. 1, Complaint, Exhibit 1; Filing No. 24, Exhibit A, Affidavit of James J. Grant ("Grant Aff.") at ¶ 1.  Under the Lease, Lessees agreed to make 36 monthly payments of $8,455.38 and that upon default, Lessees agreed to pay the total balance due under the Lease, plus the estimated fair market value of the equipment at the end of the originally scheduled lease term (or any agreed upon purchase option), plus interest at the rate of 18% per annum, and reasonable attorneys' fees.  *Id.*  On or about December 9, 2005, SBS Land and Feldhacker (collectively, the "Guarantors") separately executed guarantees under which they agreed to guarantee the obligations of Sheridan (the "Guaranties").  *See*, Filing No. 1, Complaint, Exhibit 2; Filing No. 24, Exhibit A, Grant Aff. at ¶ 4.  The Lessees made payments until September 26, 2006, however, they have failed to make any payments since that date.  *See* Filing No. 24, Exhibit A, Grant Aff. at ¶ 6.  As a result of their failure to make monthly payments, Lessees are in default under the Lease.  This court issued a Default Judgment against both Lessees on August 21, 2007.  Filing No. 33, Default Judgment.

**STANDARD OF REVIEW**

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law.  Fed. R. Civ. P. 56(c);  *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005).  The burden of establishing the non-existence of any genuine issue of material fact is on the moving party.  Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Therefore, if plaintiff does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence.  *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 173 (8th Cir. 1987).  However, once plaintiff meets its initial burden of showing there is no genuine issue of material fact, defendant may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  *See* Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998).

**DISCUSSION**

With respect to contract claims, Nebraska courts generally give effect to parties' choice of law. *Vanice v. Oehm*, 526 N.W.2d 648, 651 (Neb. 1995). "The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187(1). The chosen state's law will apply unless: 1) another state has a materially greater interest in the issue; and 2) the chosen law would violate a fundamental policy of the state with the greater interest. *Id.*;  *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 739 (8th Cir. 1995).

3

The Lease provides in relevant part, "CHOICE OF LAW. This Agreement and each Lease hereunder shall be deemed to have been made in Delaware and, . . . shall be governed by and construed in accordance with the laws of the State of Delaware." Filing No. 1, Complaint, Exhibit 1, Master Lease at ¶ 19. Additionally, each of the Guaranties executed in this matter included a choice of law provision stating, in relevant part, "[t]his Guaranty shall, with the exception of laws relating to choice of law, be governed by and construed in accordance with the laws of the State of Delaware." *See* Filing No. 1, Complaint, Exhibit 2, Personal Guaranty at § 8.3 and Guaranty at § 8.3. There has been no showing that another state has a materially greater interest in the issues or that application of Delaware law to the contract claims would violate any fundamental policies. Accordingly, the court will apply Delaware law to the contract claims at issue.[1]

Under Delaware law, a contract of guaranty is the promise to answer for the payment of some debt or for the performance of some obligation by another on the default of that third person who is liable in the first instance. *Financeamerica Private Brands, Inc. v. Harvey E. Hall, Inc.*, 380 A.2d 1377, 1379 (Del. Super. 1977). In addition, "in order for a guaranty to be enforceable it must, with reasonable clearness, evidence an intent on the part of a party to become liable on an obligation in the event of default by the primary obligor." *Falco v. Alpha Affiliates, Inc.,* No. 97-494, 1997 U.S. Dist. LEXIS 20122, * 25 (D. Del., December 10, 1997).

It is undisputed that defendants Feldhacker and SBS Land Development entered into Guaranties with Leaf Funding to guarantee amounts due under the Lease and any

---

[1] While the court is applying Delaware law to the motion for summary judgment before it, the result would have been the same had Nebraska law been applied.

subsequent leases. As a result of Lessees' default, under the Guaranties, the Guarantors presently owe Leaf Funding the sum of $251,251.88.

Additionally, under Delaware law, when a defendant owes monies under a contract, the plaintiff is entitled to prejudgment interest. *Hercules, Inc. v. AIU Ins. Co.*, 784 A.2d 481, 508 (Del. 2001). The interest rate will be determined pursuant to the contract unless no contractual interest provision exists. 6 Del. C. § 2301(a). Accordingly, Leaf Funding is entitled to prejudgment interest on the Lease at the rate of 18% per month from and after September 27, 2006 until the date of judgment.

Additionally, Leaf Lending has shown that the Guaranties provided for attorneys' fees and other costs and expenses incurred in connection with its enforcement of the Guaranties. *See* Filing No. 1, Complaint, Exhibit 2, Personal Guaranty at § 7 and Guaranty at § 7. Therefore, the court finds Leaf Funding is entitled to attorneys' fees and other costs and expenses associated with this action.

**CONCLUSION**

No genuine issue of material fact exists in this case. Sheridan and SBS Auto defaulted under the terms of the lease and this court has entered a default judgment on that debt. Leaf Funding has shown that SBS Land and Feldhacker executed valid Guaranties. The court finds SBS Land and Feldhacker are liable to Leaf Funding for the sum of $251,151.88, plus prejudgment interest at the rate of 18% per annum from and after September 27, 2006 until the date of judgment, and attorney's fees and related costs and expenses.

IT IS ORDERED:

1. Plaintiff's motion for summary judgment against defendants SBS Land Development, LLC and Lawrence Feldhacker (Filing No. 23) is granted.

2. Judgment is entered in favor of the plaintiffs and against the defendants SBS Land Development, LLC and Lawrence Feldhacker, jointly and severally, in the amount of $251,151.88, plus interest at the rate of 18% per annum from and after September 27, 2006, until the date of judgment, plus attorneys' fees and costs.

3. Plaintiff shall file a bill of costs with the Clerk of the Court in accordance with the Local Rules and shall file a Motion for Attorneys' Fees, with supporting documentation, within 30 days of the date of this order.

DATED this 28th day of September, 2007.

BY THE COURT:

s/ Joseph F. Bataillon  
Chief United States District Judge